PHILIP D. STERN & ASSOCIATES, LLC
ATTORNEYS AT LAW
697 Valley Street, Suite 2d
Maplewood, NJ 07040
(973) 379-7500
Attorneys for Plaintiff, Daniel Bock, Jr.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL BOCK, JR.,<br>Plaintiff,<br><br>vs.<br><br>PRESSLER AND PRESSLER, LLP,<br>Defendant. | **COMPLAINT<br>AND JURY DEMAND** |

Plaintiff, Daniel Bock, Jr. ("BOCK" or "Plaintiff"), by way of Complaint against Defendant, Pressler and Pressler, L.L.P. ("PRESSLER"), says:

### I. NATURE OF THE ACTION

1. This action stems from the Defendant's violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq.

### II. PARTIES

2. BOCK is a natural person.

3. At all times relevant to the factual allegations of this Complaint, BOCK was a citizen of the State of New Jersey, residing in Hudson County, New Jersey.

4. At all times relevant to the factual allegations of this Complaint, PRESSLER is a for-profit limited liability partnership existing pursuant to the laws of the State of New Jersey and is engaged in the private practice of law. PRESSLER maintains its principal business address at 7 Entin Road, in the Township of Parsippany, Morris County, New Jersey.

### III. JURISDICTION AND VENUE

**5.** Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

**6.** Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391 because the events giving rise to BOCK's claims occurred within this federal judicial district, and because PRESSLER regularly transacts business within this federal judicial district and, therefore, resides in the State of New Jersey within the meaning of 28 U.S.C. § 1391(b) and (c).

### IV. LEGAL BASIS FOR FAIR DEBT COLLECTION PRACTICES ACT CLAIMS

**7.** The FDCPA simultaneously advances two objectives: it protects vulnerable citizens while promoting a competitive marketplace. 15 U.S.C. § 1692(e).

**8.** Congress adopted the FDCPA with the "express purpose to eliminate abusive debt collection practices by debt collectors, and to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. __, 130 S. Ct. 1605, 1623, 176 L. Ed. 2d 519 (2010) (internal quotes and ellipsis omitted); *Lesher v. Law Offices of Mitchell N. Kay, P.C.*, 650 F.3d 993, 996 (3d Cir. 2011).

**9.** Congress had found abundant evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors contributed to the number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. 15 U.S.C. § 1692(a). It also found that existing consumer protection laws were inadequate. 15 U.S.C. § 1692(b). Therefore, "Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act." *Lesher*, 650 F.3d at 997.

**10.** Thus, the intended effect of these private enforcement actions was not only to reduce the number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy caused by abusive, deceptive, and unfair debt collection practices but, simultaneously, to promote a competitive marketplace for those debt collectors who voluntarily treat consumers with honesty and respect.

**11.** "Congress recognized that 'the vast majority of consumers who

obtain credit fully intend to repay their debts. When default occurs, it is nearly always due to an unforeseen event such as unemployment, overextension, serious illness or marital difficulties or divorce.'" *FTC v. Check Investors, Inc.*, 502 F.3d 159, 165 (3d Cir. 2007). Nevertheless, "'[a] basic tenet of the Act is that all consumers, *even those who have mismanaged their financial affairs resulting in default on their debt*, deserve 'the right to be treated in a reasonable and civil manner.'" *FTC, supra,* 502 F.3d at 165 (emphasis added) quoting *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1324 (7th Cir. 1997).

12. The FDCPA is construed broadly so as to effectuate its remedial purposes and a debt collector's conduct is judged from the standpoint of the "least sophisticated consumer," *Brown v. Card Serv. Ctr*, 464 F.3d 450, 453n1 (3d Cir. 2006). Thus, by way of example, "A debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Id.* at 455.

13. "Congress also intended the FDCPA to be self-enforcing by private attorney generals." *Weiss v. Regal Collections*, 385 F.3d 337, 345 (3d Cir. 2004). "In order to prevail, it is not necessary for a plaintiff to show that she herself was confused by the communication she received; it is sufficient for a plaintiff to demonstrate that the least sophisticated consumer would be confused. In this way, the FDCPA enlists the efforts of sophisticated consumers like Jacobson as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Services, Inc.*, 516 F.3d 85, 91 (2d Cir. 2008); and, see, *Gonzales v. Arrow Fin. Services, LLC*, 660 F.3d 1055 (9th Cir. 2011). Thus, "the FDCPA protects all consumers, the gullible as well as the shrewd." *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993).

14. Except where the Act expressly requires knowledge or intent, the "FDCPA is a strict liability statute to the extent it imposes liability without proof of an intentional violation," *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 368 (3d Cir. 2011) (citing, in footnote 7, supporting authorities from the Second, Seventh, Ninth and Eleventh Circuits).

15. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, provides that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt and, without limiting the generality of the prohibited

conduct, enumerates sixteen acts and omissions which are deemed to be *per se* violations of that section. 15 U.S.C. § 1692e(1)-(16). That list includes:

> **15.01.** Communications from a law firm without there being meaningful attorney involvement, 15 U.S.C. § 1692e(3); and
>
> **15.02.** Using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

**16.** Liability under the FDCPA is excused *only* when a debt collector establishes, as an affirmative defense, the illegal conduct was either "not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error," 15 U.S.C. § 1692k(c), or an "act done or omitted in good faith in conformity with any advisory opinion of the" Federal Trade Commission, 16 U.S.C. § 1692k(e). Thus, common law privileges and immunities are not available to absolve a debt collector from liability under the FDCPA. See, *Heintz v. Jenkins*, 514 U.S. 21, (1995); *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 369 (3rd Cir. 2011); and *Sayyed v. Wolpoff & Abramson*, 485 F. 3d 236, 232-233 (4th Cir. 2007).

**17.** Liability under the FDCPA arises upon the showing of a single violation. *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1238 (5th Cir. 1997); *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62-3 (2d Cir. 1993).

**18.** A debt collector who violates any provision of the FDCPA is liable for any actual damages, "additional damages" (also called "statutory damages"), and attorney's fees and costs. 15 U.S.C. § 1692k(a). Indeed, "the FDCPA permits and encourages parties who have suffered no loss to bring civil actions for statutory violations." *Jacobson, supra,* 516 F.3d at 96.

**19.** The FDCPA applies to lawyers regularly engaged in consumer debt-collection litigation. *Heintz v. Jenkins*, 514 U.S. 291 (1995). The FDCPA creates no exceptions for attorneys – even when that conduct falls within conduct traditionally performed only by attorneys. *Id.* For example, there is no "litigation privilege" for debt collecting attorneys. *Sayyed v. Wolpoff & Abramson*, 485 F.3d 226 (4th Cir. 2007). "Attorneys who regularly engage in debt collection or debt collection litigation are covered by the FDCPA, and *their litigation activities must comply with the*

*requirements of that Act."* Piper v. Portnoff Law Associates, 396 F.3d 227, 232 (3d Cir. 2005) (emphasis added).

20. BOCK asserts that PRESSLER violated the FDCPA and, pursuant to that Act, seeks statutory damages, attorney fees, and costs.

### V. FACTS

21. Sometime prior to September 15, 2011, BOCK is alleged to have incurred a financial obligation ("Debt") to HSBC Bank Nevada, N.A.

22. The Debt is alleged to arise from one or more transactions.

23. BOCK has no recollection of ever incurring any financial obligation in a transaction other than for primarily personal, family, or household purposes and, therefore, on information and belief alleges that the Debt arose from a transaction for primarily personal, family, or household purposes.

24. PRESSLER is regularly engaged in the collection of debts.

25. The principal purpose of PRESSLER is the collection of debts and it uses the mails, telephone, the internet and other instruments of interstate commerce.

26. PRESSLER contends that the Debt is in default.

27. The Debt was placed with, obtained by or assigned to PRESSLER for the purpose of collecting or attempting to collect the Debt.

28. The Debt was in default or alleged to be in default at the time it was placed with, obtained by or assigned to PRESSLER.

29. In an attempt to collect the Debt, PRESSLER sent BOCK a letter dated September 15, 2011 ("INITIAL LETTER").

30. A true and correct copy of the INITIAL LETTER is attached as Exhibit A on page 9, below.

31. By PRESSLER's own admission as stated in the INITIAL LETTER: *"At this time, no attorney with this firm has personally reviewed the particular circumstances of your account."*

32. In an attempt to collect the Debt, PRESSLER commenced an action ("Collection Action") against BOCK by filing a complaint

("Collection Complaint") on October 21, 2011 in the Superior Court of New Jersey, Law Division, Special Civil Part, Hudson County, entitled "Midland Funding vs. Daniel Bock Jr" and designated in that court by Docket No. DC-022331-11.

33. A true copy of the Collection Complaint is attached as Exhibit B on page 10, below.

34. The Collection Complaint was served on BOCK on or about October 25, 2011.

35. Ralph Gulko, Esq. signed the Collection Complaint as an attorney with PRESSLER.

36. By signing the Collection Complaint, Gulko certified that he read the Collection Complaint and that, "to the best of his … knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," "the factual allegations have evidentiary support". New Jersey Court Rule 1:4-8(a); *cf.,* Fed.R.Civ.P. 11.

37. Gulko signs so many complaints that it is either physically impossible or so highly improbably that he read the Collection Complaint or made a sufficient inquiry from which to conclude that the factual allegations have evidentiary support. Therefore, Ralph Gulko on behalf of PRESSLER made false representations to collect or attempt to collect the Debt. (Pursuant to Fed.R.Civ.P. 11, this allegation will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.)

    VI.   **CAUSE OF ACTION FOR VIOLATIONS OF THE FDCPA**

38. BOCK realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

39. BOCK is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

40. PRESSLER is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

41. The Debt is a "debt" within the meaning of 15 U.S.C. §1692a(5).

42. The INITIAL LETTER is a "communication" as defined by 15 U.S.C. § 1692a(2).

43. The Collection Complaint is a "communication" as defined by 15 U.S.C. § 1692a(2).

44. PRESSLER's use of the written communication in the form attached as Exhibit 2 violated the FDCPA in one or more of the following ways:

44.01. Using false, deceptive, or misleading representations and/or means in connection with the collection of any debt, which constitutes a violation of 15 U.S.C. §1692e;

44.02. The making of a communication which appears to be a communication from an attorney where there has been insufficient attorney involvement to constitute a communication from an attorney, which constitutes a violation of 15 U.S.C. § 1692e(3);

44.03. Falsely representing that Ralph Gulko, Esq. read the Collection Complaint prior to signing it, which constitutes a violation of 15 U.S.C. § 1692e(10);

44.04. Falsely representing that, to the best of Ralph Gulko's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the factual allegations set forth in the Collection Complaint have evidentiary support, which constitutes a violation of 15 U.S.C. § 1692e(10).

45. Based on any one of those violations, PRESSLER is liable to BOCK for statutory damages, attorney's fees and costs.

### VII. PRAYER FOR RELIEF

46. WHEREFORE, Plaintiff, Daniel Bock, Jr., respectfully requests that the Court enter judgment against Defendant, Pressler and Pressler, LLP, as follows:

46.01. An award of statutory damages for BOCK pursuant to 15 U.S.C. § 1692k(a)(2)(A);

46.02. Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

46.03. For such other and further relief as may be just and proper.

## VIII. JURY DEMAND

**47.** Plaintiff, Daniel Bock, Jr., demands a trial by jury on all issues so triable.

## IX. CERTIFICATION PURSUANT TO LOCAL CIVIL RULE

**48.** Pursuant to L. Civ. R. 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or the subject of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated. I further certify that I know of no party, other than putative class members, who should be joined in the action at this time.

                Philip D. Stern & Associates, LLC
                Attorneys for Plaintiff, Daniel Bock, Jr.
                    *s/Philip D. Stern*

Dated: December 30, 2011                Philip D. Stern

**EXHIBIT A**

---

| | | | |
|---|---|---|---|
| MAURICE H. PRESSLER(1930-2002) | PRESSLER AND PRESSLER, L.L.P. | DALE L. GELBER | DARYL J. KIPNIS |
| SHELDON H. PRESSLER | COUNSELLORS AT LAW | CRAIG S. STILLER* | DARREN H. TANAKA |
| ------- | 7 Entin Road | STEVEN A. LANG | MITCHELL E. ZIPKIN |
| GERARD J. FELT | Parsippany, NJ 07054-5020 | DANIEL B. SULLIVAN | MICHAEL J. PETERS |
| STEVEN P. MCCABE | Off: (973) 753-5100 | GINA M. LO BUE | RITA E. AYOUB |
| LAWRENCE J. MCDERMOTT, JR. | Fax: (973) 753-5353 | GLEN H. CHULSKY | |
| ------- | --------- | | ------------------------------ |
| MITCHELL L. WILLIAMSON | NY Office | | * NY State License Only |
| THOMAS M. BROGAN | 305 Broadway | | |
| RALPH GULKO | 9th Floor | | |
| JOANNE L. D'AURIZIO | New York, NY 10007 | | OFFICE HOURS: |
| CHRISTOPHER P. ODOGBILI | Off: (516)222-7929 | | Monday-Thursday: 8am-9pm |
| | Fax: (973)753-5353 | | Friday: 8am-7pm |
| | Reply to [X] NJ Office [ ] NY Office | | Saturday: 9am-2pm |

DANIEL BOCK JR                                                                                09/15/11
15 NORTH ST APT 2                                                                      P&P FILE B228739
BAYONNE, NJ 07002                                                            Amount of the Debt  $8,021.57


Dear DANIEL BOCK JR

       This is to notify you that your account with  HSBC  BANK  NEVADA,  N.A.  ,  account  #
5458001561298245 has been purchased by MIDLAND FUNDING LLC and has been placed with the  firm
of Pressler and Pressler, LLP for collection.

       We shall afford you this opportunity to pay this debt immediately  and  avoid  further
action against you. Make your check or money order payable to Pressler and Pressler, LLP  and
include your File Number B228739  and remit to:

              Pressler and Pressler, LLP 7 Entin Rd. Parsippany, NJ 07054-5020

Payment can be made on the website www.paypressler.com. We also  accept  Visa/MasterCard  and
American Express.  If you choose this payment option return this letter along with:

Name as it appears on Credit Card_____
Street # & Zip_____ Expires ___/___
Credit Card # _____/Security Code_____
Amount $ _____
Signature _____

       If you are unable to pay the balance  in  full  and  would  like  to  discuss  payment
arrangements, please contact us at (888) 312-8600.

At this time, no attorney with this firm has personally reviewed the particular circumstances
of your account. However, if you fail  to  contact  this  office,  our  client  may  consider
additional remedies to recover the balance due.

              **PLEASE READ THE FOLLOWING PROVIDED TO YOU PURSUANT TO FEDERAL STATUTE:**

This communication is from a debt collector.  This is an attempt to  collect  a  debt.   Any
information obtained will be used for that purpose. Unless you notify this office  within  30
days after receipt of this notice that you dispute the validity of the debt, or  any  portion
thereof, this office will assume this debt is valid. If you notify  this  office  in  writing
within 30 days from receipt of this notice that the debt or any portion thereof is  disputed,
this office will obtain verification of the debt or obtain a copy of a judgment and mail you a
copy of such judgment or verification. Upon your request in writing,  within  30  days  after
receiving this notice, this office will provide you with the name and address of the original
creditor, if different from the current creditor.

**EXHIBIT B**

---

RECEIVED    FRIDAY 10/21/2011 1:27:58 PM 8484552                FILED Oct 21, 2011

Pressler and Pressler, LLP
7 Entin Rd.
Parsippany, NJ 07054-5020
(973)753-5100
Attorney for Plaintiff
File # B228739
MIDLAND FUNDING LLC
                Plaintiff                SUPERIOR COURT OF NEW JERSEY
                                          Law Division
vs.                                       HUDSON  Special Civil Part
                                          Docket #
DANIEL BOCK JR                                       DC-022331-11
                Defendant(s)                 Civil Action
                                               COMPLAINT
                                                (Contract)

Plaintiff having a principal place of business at: 8875 AERO DRIVE SUITE 200 SAN DIEGO, CA 92123 says:

1. It is now the owner of the defendant(s) HSBC BANK NEVADA,  N.A.  account number 5456001561298245 which is now in default. There is due the plaintiff from the defendant(s) DANIEL BOCK JR the sum of $8,021.57 plus interest from 05/31/2010 to 10/20/2011 in the amount of $102.98 for a total of $8,124.55.

WHEREFORE, plaintiff demands judgment for the sum of $8,124.55 plus accruing interest to the date of judgment plus costs.

I certify that the matter in controversy is not the subject  of  any  other court action or arbitration proceeding, now pending  or  contemplated,  and that no other parties should be joined in this action.

I certify that confidential personal identifiers have  been  redacted  from documents now submitted to  the  court,  and  will  be  redacted  from  all documents submitted in the future in accordance with Rule 1:38-7(b).

                                    PRESSLER and PRESSLER, LLP
                                    Attorneys for Plaintiff(s)
                                    By: S/Ralph Gulko
                                    _____
                                        Ralph Gulko

---