UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DANIEL BOCK, JR., | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 11-7593 (KM)(MCA) |
| | : | |
| PRESSLER & PRESSLER, LLP., | : | **OPINION** |
| | : | |
| Defendants. | : | |

**ARLEO, U.S.M.J.:**

This matter is presently before the Court on the motion of Defendant Pressler & Pressler,

LLP ("Pressler") to seal Dkt. No. 33 pursuant to Local Civil Rule 5.3(c). (Dkt. No. 43). Plaintiff

Daniel Bock, Jr. ("Bock") opposes this Motion. (Dkt. No. 50). No oral argument was heard

pursuant to Federal Rule of Civil Procedure 78. Upon consideration of the parties' submissions,

for the reasons set forth herein, and for good cause shown, Defendant's motion to seal is

**DENIED without prejudice**. However, the document at issue shall remain temporarily sealed

in order to afford Defendant the opportunity to redact Dkt. No. 33 in accordance with the Court's

instructions, as set forth below.

## I.    BACKGROUND

Plaintiff filed a Complaint in this Court on December 30, 2011. (Dkt. No. 1). A

"Discovery Confidentiality Order" was entered by the Court on July 12, 2013. (Dkt. No. 30).

On October 1, 2013, Pressler filed a motion for summary judgment. (Dkt. No. 32). In support of

said motion, Pressler filed the Certification of Mitchell L. Williamson, Esq., which annexed

thereto the Affidavit of Gerard J. Felt, Esq. ("Felt Affidavit") (Dkt. No. 33-1) as an exhibit. This

entry is referred to as Dkt. No. 33.  On October 10, 2013, Pressler sent Plaintiff a full copy of the

Felt Affidavit.  On October 15, 2013, Plaintiff's counsel filed a motion to unseal Dkt. No. 33.

(Dkt. No. 35).  On October 16, 2013, Plaintiff's counsel withdrew the motion to unseal without

prejudice and subsequently filed an amended motion to unseal Dkt. No 33. (Dkt. Nos. 37, 38).

On October 18, 2013, the Court issued an order requiring Pressler to file a motion to seal Dkt.

No. 33 pursuant to L. Civ. R. 5.3 on or before October 25, 2013 or the Court would unseal the

document. (Dkt. No. 40).  At the request of Defendant, the Court adjourned the filing deadline

until November 15, 2013. (Dkt. No. 42).  Subsequently, on November 14, 2013, Pressler filed

the instant motion seeking to seal Dkt. No. 33, which was previously filed under seal in

conjunction with Pressler's motion for summary judgment.  (Dkt. No. 43).

Defendant contends that the information in the Felt Affidavit is confidential and not

commonly available to the public.  In addition, Pressler alleges that if this information were

disseminated to the public, it would result in clearly defined and serious injury to Pressler in the

competitive collections marketplace and would disrupt the attorney-client relationship.  Initially,

Defendant contended that there was no less restrictive alternative available.  However, in

Defendant's reply brief, Pressler conceded that it could redact portions of the Felt Affidavit.

Specifically, Pressler stated: "In light of Plaintiff's contentions that certain portions of the Felt

Affidavit may be revealed, Pressler submits that it can submit a redacted version of the Felt

Affidavit. To that end, Pressler could re-submit ECF Doc. 33 with paragraphs 10 through 32 of

the Felt Affidavit redacted." (Dkt. No. 54).  Plaintiff, on the other hand, contends that the

information in the Felt Affidavit is not confidential, that there is no clearly defined injury that

would result if the document is not sealed, and that less restrictive alternatives are available.

(Dkt. No. 50).

2

## II.     DISCUSSION

Before this Court can grant a party's request to file a document under seal, the party

seeking the relief must first demonstrate that "good cause" exists for sealing the document.

Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994). To determine whether good

cause exists, this Court shall consider the factors outlined under Local Civil Rule 5.3(c)(2):

> "(a) the nature of the materials or proceedings at issue, (b) the
> legitimate private or public interests which warrant the relief
> sought, (c) the clearly defined and serious injury that would result
> if the relief sought is not granted, and (d) why a less restrictive
> alternative to the relief sought is not available."

Rule 5.3(c)(2). The moving party "'bears the burden of showing that the material is the kind of

information that courts will protect' and that 'disclosure will work a clearly defined and serious

injury to the party seeking'" to seal the materials at issue. In re Cendant Corp., 260 F.3d 183,

194 (3d Cir. 2001) (quoting Miller v. Ind. Hosp., 16 F.3d 549, 551 (3d Cir. 1994)).

In making the decision as to whether sealing is appropriate, this Court may consider the

following factors:

> 1. whether disclosure will violate any privacy interests;
> 2. whether the information is being sought for a legitimate purpose
> or for an improper purpose;
> 3. whether disclosure of the information will cause a party
> embarrassment;
> 4. whether confidentiality is being sought over information
> important to public health and safety;
> 5. whether the sharing of information among litigants will promote
> fairness and efficiency;
> 6. whether a party benefitting from the order of confidentiality is a
> public entity or official; and
> 7. whether the case involves issues important to the public.

Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir. 1995) (citing Pansy, 23 F.3d at

787-91). However, these factors "are neither mandatory nor exhaustive." Id. Ultimately, the

Court has discretion to "evaluate the competing considerations in light of the facts" surrounding

the specific case.  Pansy, 23 F.3d at 789 (quoting Arthur R. Miller, "Confidentiality, Protective Orders & Public Access to the Courts," 105 HARV. L. REV. 427, 492 (1991)).

### a.  The Nature of the Materials or Proceedings at Issue

Pressler submitted the Felt Affidavit in support of its motion for summary judgment. Pressler contends that the Felt Affidavit provides an in-depth account of the internal and confidential practices and procedures of the law firm from receipt of an electronic file from a client through the filing of a complaint.  According to Defendant, the document describes, in detail, how defendant provides legal services to its clients, including internal confidential processes, departmentalized review, policies and procedures, computerized review procedures, and the specific information that is searched through "scrubs" to efficiently and quickly process claims for clients.  Pressler claims this information is its "secret sauce."  This Court agrees and finds that portions of the Felt Affidavit contain confidential and commercially sensitive business practices of Defendant.

### b.  Legitimate Private or Public Interests Must Warrant the Relief Sought

Pressler contends that it has a legitimate private interest in keeping its internal practices and procedures confidential.  "Courts have recognized that the confidentiality of business agreements, trade secrets or commercial information are a legitimate private interest and the disclosure of this information can be used for the improper purpose of causing harm to the litigant's competitive standing in the marketplace."  Goldenberg v. Indel, Inc., No. 09-5202, 2012 U.S. Dist. LEXIS 479, at *8 (D.N.J. Jan. 3, 2012); see, e.g., Mars, Inc. v. JCM Am. Corp., No. 05-3165, 2007 U.S. Dist. LEXIS 9819, at *5 (D.N.J. Feb. 13, 2007); Faulman v. Sec. Mut. Fin. Life Ins. Co., No. 04-5083, 2006 U.S. Dist. LEXIS 35875, at *3-4 (D.N.J. May 31, 2006).

4

After careful review of the Felt Affidavit, the Court finds that Defendant has a legitimate privacy interest in keeping confidential the terms of the Felt Affidavit not otherwise available to the public. Indeed, the materials at issue, if disclosed, could compromise the ability of Defendant to remain competitive in the industry. See Faulman, 2006 U.S. Dist. LEXIS 35875, at *3-4. However, as set forth in more detail below, this Court will deny Defendant's request to seal the entire document pursuant to Local Rule 5.3(c). The Court finds that only paragraphs 10 through 32 of the Felt Affidavit contain highly sensitive commercial information. As such, the Court is satisfied that Defendant has a legitimate privacy interest in maintaining confidentiality of paragraphs 10 through 32 of the Felt Affidavit.

### c. Clearly Defined and Serious Injury Must Result if the Relief Sought is not Granted

The Court finds that disclosure of the information in paragraphs 10 through 32 of the Felt Affidavit would cause clear and serious injury to Pressler in the marketplace. Pressler has developed a unique and specialized computer system, the disclosure of which would harm its ability to maintain a competitive edge over other law firms that primarily represent creditors and/or debt purchasers.

### d. Whether a Less Restrictive Alternative is Available

After reviewing the Felt Affidavit, this Court finds that Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c). This Court finds that while portions of the document are appropriate for sealing, there are clearly portions that do not warrant such action. This is especially so in light of Defendant's concession that it could submit a redacted version of the Felt Affidavit, redacting only paragraphs 10 through 32.

5

After careful consideration, the Court finds that Defendant's motion to seal fails to meet the standards of Local Civil Rule 5.3(c) because Defendant's interest can be adequately served by filing a more narrowly tailored redacted copy of the Felt Affidavit. See, e.g., Houston v. Houston, No. 08-5530, 2010 U.S. Dist. LEXIS 59028, at *4 (D.N.J. June 14, 2010) (denying motion to seal where defendant failed to explain why "privacy needs could not be equally well served by sealing more narrowly tailored portions of the" documents); Hershey Co. v. Promotion in Motion, Inc., No. 07-1601, 2010 U.S. Dist. LEXIS 43322, at *9 (D.N.J. May 4, 2010) (denying motion to seal because a less restrictive alternative to sealing such as redaction was available); Darkins v. Cont'l Airlines, Inc., No.: 2:10-CV-6165-ES-SCM, 2013 U.S. Dist. LEXIS 90176 (D.N.J. June 26, 2013) ("A motion to seal should be denied if a court determines that a less restrictive alternative exists."); Avaya Inc. v. Telecom Labs, Inc., No. 06-2490 2012 U.S. Dist. LEXIS 93686, *8-9 (D.N.J. July 6, 2012) ("[R]edation is preferable to sealing a document wholesale."). Thus, because there is a less restrictive alternative to sealing the entire Felt Affidavit, Defendant's Motion to Seal is denied without prejudice. The Court is satisfied that Defendant's interests will be adequately protected by redacting paragraphs 10 through 32 of the Felt Affidavit.

Defendant shall, within 14 days of the Order accompanying this Opinion, file on the docket a publicly accessible redacted version of the Felt Affidavit redacting paragraphs 10 through 32. The Court will leave Dkt. No. 33 currently sealed, pending this Court's review and consideration of Defendant's submission of a narrower and less restrictive request. If, within the prescribed time, Defendant fails to file a redacted copy of the Felt Affidavit, the Court will unseal the document.

## III.   CONCLUSION

For the foregoing reasons, Defendant's Motion to Seal (Dkt. No. 43) is **DENIED**

**without prejudice**.

Dated: March ___, 2014

Madeline Cox Arleo
**United States Magistrate Judge**

CC:   The Honorable Kevin McNulty, U.S.D.J.
       All Parties
       Clerk's Office
       File